UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Janice M. Shippey<br><br>individually and on behalf of the class defined herein,<br><br>            Plaintiff,<br>   v.<br><br>Weltman, Weinberg & Reis Co., L.P.A.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT- CLASS ACTION

Plaintiff Janice M. Shippey, on behalf of herself and the class defined herein, alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Weltman, Weinberg & Reis Co., L.P.A. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business and has offices within this District.

## PARTIES

5. Plaintiff is an individual who resides in Schellsburg, Pennsylvania.

6. Defendant Weltman, Weinberg & Reis Co., L.P.A. is an Ohio corporation that does business in Pennsylvania. It has offices at 436 Seventh Avenue, Suite 1400, Pittsburgh, PA 15219.

7. Weltman, Weinberg & Reis Co., L.P.A. is a collection law firm and collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Weltman, Weinberg & Reis Co., L.P.A. is a debt collector under the FDCPA.

## FACTS

9. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred for personal, family or household purposes and not for business purposes.

10. Defendant obtained a judgment on behalf of the creditor against plaintiff.

11. On or about October 25, 2010, defendant sent plaintiff the letter attached as Exhibit A.

12. <u>Exhibit A</u> is a form or template document, sent by defendant to consumers against whom judgments have been entered, with the name of the consumer, name of the creditor, amount, and file number inserted as appropriate.

## **VIOLATION ALLEGED**

13. <u>Exhibit A</u> threatens a series of "legal action[s] to enforce our client's Judgment, including but not limited to requesting that a Writ of Execution in the full amount due plus additional interest and cost[s] be issued. [¶] In connection with the Writ of Execution, we may direct the Sheriff to take inventory of and levy against your personal property; to Garnish (Attach) your bank account; and to seize and sell your personal possessions at Public Auction. . . ."

14. These statements are false and misleading, in that there are substantial exemptions for personal property, bank accounts, and personal possessions. By threatening, for example, to "seize and sell your personal possessions at Public Auction" when many personal possessions cannot be seized and sold, defendant is threatening action which is not legally permissible and which defendant does not actually intend to take.

15. In addition, <u>Exhibit A</u> states that "We demand that the above-mentioned sum be received in our office within 14 days" and also that "Your failure to respond to our requests could lead to Court imposed sanctions and contempt, and could ultimately lead to the issuance of a bench warrant against you."

16. Immediately thereafter, <u>Exhibit A</u> states that "You can avoid the potential for additional embarrassment and expense brought about by further legal proceedings to enforce this Judgment by simply paying the balance in full within 14 days or, by immediately contacting our office to set up satisfactory payment arrangements."

17.     In fact, only failure to respond to a court order compelling the debtor to appear for a deposition or examination could result in sanctions, contempt, or a bench warrant. Failure to comply with requests to pay or set up payment arrangements cannot result in sanctions, contempt or a bench warrant.

18.     <u>Exhibit A</u> thereby violates 15 U.S.C. §§1692e, 1692e(4), 1692e(5) and 1692e(10).

19.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

20.     This claim is brought on behalf of a class, consisting of (a) all persons (b) to whom defendant sent a letter in the form represented by <u>Exhibit A</u> (c) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

4

21. The class is so numerous that joinder of all members is impracticable. There are more than 50 members of the class.

22. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's form letter violates the FDCPA.

23. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

24. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of debt collection abuse claims and class actions.

25. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Attorney's fees, litigation expenses and costs;

    c. Such other or further relief as the Court deems proper.

_____
Clayton S. Morrow
Attorney for plaintiff and the class

Clayton S. Morrow
MORROW & ARTIM, PC
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
Direct Line: (412) 209-0656
Fax: (412) 386-3184
(412) 281-1250
clay@pacreditcardlaw.com


pro hac vice admission to be applied for


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Clayton S. Morrow

Law Offices Of
WELTMAN, WEINBERG & REIS CO., L.P.A.
Koppers Building
436 Seventh Avenue, STE 1400
Pittsburgh, PA 15219
(412) 434-7955

October 25, 2010

JANICE M SHIPPEY
183 VINE ST
SCHELLSBURG, PA 15559

Re: HSBC BANK NEVADA, N.A
Current Judgment Amount: $ 5,101.15
Our File No.: 06716059

Dear: JANICE M SHIPPEY

The Court has advised you that a Money Judgment has been entered against you in favor of our client. We demand that the above-mentioned sum be received in our office within 14 days.

If you fail to respond to this demand, we may proceed with further legal action to enforce our client's Judgment, including but not limited to requesting that a Writ of Execution in the full amount due plus additional interest and cost be issued.

In connection with the Writ of Execution, we may direct the Sheriff to take inventory of and levy against your personal property; to Garnish (Attach) your bank account; and to seize and sell your personal possessions at Public Auction. If we are forced to proceed in this manner, the amount of your debt would be substantially increased.

In addition, we may subpoena you, and anyone else who may have knowledge of the existence of your assets, to attend a deposition in aid of execution in order to investigate the extent and location of those assets. Your failure to respond to our requests could lead to Court imposed sanctions and contempt, and could ultimately lead to the issuance of a bench warrant against you.

You can avoid the potential for additional embarrassment and expense brought about by further legal proceedings to enforce this Judgment by simply paying the balance in full within 14 days or, by immediately contacting our office to set up satisfactory payment arrangements.

Please let us hear from you.

THIS LAW FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT THIS DEBT FOR OUR CLIENT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,

William T. Molczan, Esquire



EXHIBIT "A"